[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved by decree of this court on July 1, 1997. In connection therewith, the parties entered into a Separation Agreement dated June 9, 1997, which was incorporated in the decree. The agreement provided in part that the defendant husband ("husband") would pay the following: (1) non-modifiable alimony in the amount of $2,533.33 per month; (2) child support in the amount of $1,666.66 per month; (3) medical insurance for the children; (4) summer camp; (5) maintain life insurance; and (6) contribute to a college fund. Sub sequent to the decree, the husband failed to meet his obligations in full, and the plaintiff wife ("wife") filed a Citation for Contempt (#115) dated March 24, 2001. On June 18, 2001, the parties entered into a Stipulation in writing wherein the arrearage (including attorneys fees) was determined to be $19,196.32. The husband agreed to satisfy the arrearage in full by November 15, 2001, as well as to remain current with the original orders. The court approved the Stipulation and set the matter on the calendar on November 19, 2001, for purposes of monitoring. Later, on July 23, 2001, the husband filed a Motion for Modification (#122) of his child support obligation. The husband failed to adhere to the terms of the agreement, with the result that further motions were filed, including a Motion for Contempt (#128), as well as a Motion to Modify the Stipulation of June 18 (#127) and a Motion to Suspend alimony payments (#129). The wife seeks additional attorneys fees. The matter was heard by the court over the course of two days (10-22-01 and 11-19-01).
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-82, 46b-84, 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That by agreement of the parties an arrearage of alimony and child support was found as of June CT Page 2501 18, 2001, in the amount of $19,196.32.
 2. That between June 18, 2001 and November 19, 2001, the husband has failed and neglected to comply with the orders of this court in that he has failed to make alimony payments for the months of July, August, September, October, and November 2001 for a total of $12,666.65; that he has failed to make child support payments for the same months for a total of $8,333.30; that he has failed to make other payments for the benefit of the children, including camp expenses, for a total of $2,780.00; and that he has failed to make payments on behalf of the children's medical care for a total of $390.00.
 3. That since June 18, 2001, there has accumulated a further arrearage of alimony and child support and other child-related expenses under the original orders in the amount of $24,168.95 less a credit to the husband in the amount of $3,854.16 ($1,666.66 for June + $1,950.00 contributions for camp + $238.00 medical reimbursement), for a total net arrearage of $39,511.11 ($19,196.32 + $20,314.79) as of November 19, 2001, before any retroactive adjustment.
 4. That a substantial change of circumstances has occurred since the date of the last hearing in that inter alia, the husband's income has declined dramatically, the wife has obtained employment, and the husband's living expenses are in large measure paid by his current spouse; that while the husband is in default of the orders of this court, the evidence does not clearly demonstrate that his breach was willful and without good cause; that he is not therefore in contempt; and that it is equitable and appropriate that the court temporarily suspend a portion of his child support obligation.
 5. That the testimony and evidence clearly demonstrates that the husband has a substantial earning capacity both by way of his principal employment as well as freelance work; that his income fluctuates greatly and is dependent in part CT Page 2502 upon the current state of the economy; that the court believes that as the economy recovers his income is likely to follow; and that therefore any relief granted to the husband should be temporary in scope.
 6. That by Stipulation dated August 2, 2001, the parties agreed that the modification of any orders of the court for child support shall be retroactive to August 6, 2001.
 7. That the presumptive basic child support is $309.00 per week; and that the husband's share is $76.00 ($127.00 less $51.00 health insurance for children) retroactive to August 6, 2001, together with his continuing obligation to provide health insurance and other benefits for the minor children which shall remain unchanged; and that the husband is entitled to a retroactive adjustment in his child support obligation in the amount of $5,131.00. ($1,121.00 for August + $1,336.67 x 3)
 8. That Article 18.2 of the Agreement of the parties dated June 9, 1997, and incorporated by reference in the decree of this court, provides that in the event of a default, the defaulting party shall be liable for the fees and costs of the other party incurred to enforce the Agreement "regardless of whether the action is settled or results in a judgment, decree or order made in favor of the party starting the action or proceeding;" that while the court does not find that the actions of the husband were willful or without sufficient cause so as to make a finding of contempt, the court does find that the husband is in default under the terms of the decree of this court; and that it is equitable and appropriate that he pay a portion of the reasonable legal fees and costs incurred by the wife in connection herein.
 9. That where the pates have agreed to the payment of reasonable attorneys fees and costs in the event of a default by one of them, then the court may order the payment of same without consideration of their respective financial abilities. In such a CT Page 2503 case, the court must first determine whether or not a breach has occurred, and if so, then make a determination of the "amount of reasonable attorneys fees to be awarded." Goold v. Goold, 11 Conn. App. 268, 288-89 (1987).
 10. That the husband's financial affidavit dated October 22, 2001, indicates that he has sufficient assets available to him, including an IRA and other retirement funds in excess of $50,000, with which to satisfy the arrearage as determined by the court, as well as its order for the payment of attorneys fees and costs.
 11. That the husband's obligation to pay alimony is non-modifiable; and that the suspension of the husband's obligation to pay alimony would be an impermissible modification of alimony under § 46b-86 (a) C.G.S. Sanchione v. Sanchione, 173 Conn. 397 (1977).
 ORDER
IT IS HEREBY ORDERED THAT:
 1. The Motion for Modification (#122) is HEREBY GRANTED in part and a portion of the husband's obligation to pay child support is HEREBY SUSPENDED until August 19, 2002 or further order of court, whichever shall sooner occur, as follows: Commencing August 6, 2001, and monthly thereafter, the husband shall pay to the wife the sum of $330.00 as and for child support, until such time as the oldest child shall reach the age of eighteen years, at which time child support for the remaining child shall be adjusted in accordance with the then existing Child Support Guidelines or as a Court may otherwise direct. The foregoing notwithstanding, if any child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or their nineteenth birthday, whichever shall sooner occur, pursuant to Section 46b-84 (b) C.G.S. The foregoing notwithstanding, the court hereby sets August 19, 2002, for purposes of monitoring the husband's financial situation, in particular his income from all sources, and the parties are hereby directed to exchange current financial affidavits no later than one (1) week prior thereto.
2. The husband shall within two (2) weeks from the date hereof satisfy CT Page 2504 IN FULL the current arrearage which includes any sums due and owing as of November 19, 2001, in the amount of $34,380.11, together with any additional arrearage incurred through the date of this order, less a credit for any payments made, by a payment of said sums to the wife by means of a certified or bank check, or as she may otherwise direct. The court hereby reserves jurisdiction with regard to any issues that may arise concerning the actual arrearage to date hereof.
 3. The husband shall pay to the wife within two (2) weeks from the date hereof the sum of $5,000.00 as and for attorney fees and costs incurred herein by means of a certified or bank check, or as she may otherwise direct.
 4. The Motion to Modify the Stipulation (#127) of June 18, 2001 is HEREBY DENIED.
5. The Motion for Contempt (#128) is HEREBY DENIED.
6. The Motion to Suspend Alimony (#129) is HEREBY DENIED.
 7. In all other respects, the terms of the decree and orders of this court shall remain in full force and effect, including the husband's obligation to pay alimony and for health insurance and other expenses of the minor children.
THE COURT
 ___________________ SHAY, J.